1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**    **JS-6**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EAST CARSON HOUSING PARTNERS LP,<br><br>               Plaintiff,<br><br>   v.<br><br>VERONICA GIPSON, Does 1 to 10, inclusive,<br><br>               Defendants. | **Case No. CV 17-01284-ODW (RAOx)**<br><br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

**I.**

**FACTUAL BACKGROUND**

Plaintiff East Carson Housing Partners LP ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Veronica Gipson and Does 1 to 10 ("Defendants") on or about January 13, 2017. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendants are allegedly unauthorized tenants of real property located in Carson, California ("the property"). Compl., ¶¶ 3, 6. Plaintiff is the owner of the property. *Id.* at ¶¶ 2, 4.

Defendant Gipson filed a Notice of Removal on February 16, 2017, invoking the Court's diversity jurisdiction, asserting that Plaintiff is not a resident of

1   California and that damages exceed the amounts noted in 28 U.S.C. § 1332.

2   Removal at 2.  The same day, Defendant Gipson filed a Request to Proceed *In*

3   *Forma Pauperis*.  Dkt. No. 2.

**II.**

**DISCUSSION**

6       Federal courts are courts of limited jurisdiction, having subject matter

7   jurisdiction only over matters authorized by the Constitution and statute.  *See, e.g.,*

8   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128

9   L.Ed.2d 391 (1994).  It is this Court's duty always to examine its own subject

10  matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235,

11  163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is

12  an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*,

13  336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

14  opportunity to respond when a court contemplates dismissing a claim on the merits,

15  it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting

16  internal citations).  A defendant attempting to remove an action from state to

17  federal court bears the burden of proving that jurisdiction exists.  *See Scott v.*

18  *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further, a "strong presumption"

19  against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th

20  Cir. 1992).

21      As noted above, Defendant asserts that this Court has subject matter

22  jurisdiction due to the existence of diversity.  (Removal at 2.)  Section 1441

23  provides, in relevant part, that a defendant may remove to federal court a civil

24  action in state court of which the federal court has original jurisdiction.  *See* 28

25  U.S.C. § 1441(a).  Section 1332 provides that federal "district courts shall have

26  original jurisdiction of all civil actions where the matter in controversy exceeds the

27  sum or value of $75,000, exclusive of interest and costs, and is between—(1)

28  citizens of different States . . . ."  *See id.* § 1332(a).

2

Here, the Court's review of the Notice of Removal and the attached Complaint makes clear that this Court does not have diversity jurisdiction over the instant matter. The amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages by indicating that the amount demanded "does not exceed $10,000." (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

### III.

### CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED: _February 28, 2017

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE